UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA HOLMES, | No. 2:11-cv-2710 JKS KJN P (TEMP) |
| Petitioner, | |
| v. | |
| DEBORAH K. JOHNSON, Warden, | |
| Respondent. | |

     Petitioner is a state prisoner, proceeding through counsel, with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. An evidentiary hearing is set in this matter for May 2-3, 2016, on petitioner's claim that her trial counsel rendered ineffective assistance during the plea bargain process.

     Petitioner's motion for discovery came on regularly for hearing on February 4, 2016, in the courtroom of the undersigned. Attorney Michael Bigelow appeared for petitioner. Deputy Attorney General Stephanie Mitchell appeared for respondent. At the hearing on the motion, the parties agreed that petitioner is entitled to a copy of her trial counsel's entire file, including any notes which reflect the content of trial counsel's advice to petitioner regarding whether to accept the prosecution's plea offer. Respondent's counsel stated that she believed the entire file had already been released to petitioner and/or her current counsel. The undersigned informed the parties that if there is any dispute about whether the entire trial file has been turned over to

petitioner they may, after meeting and conferring, file a motion in this court to resolve the dispute. If such a motion is filed, the parties should be prepared to specify the documents that have not been turned over in discovery and the reasons those documents have not been produced.

Petitioner's counsel was advised that he will be granted limited leeway at the evidentiary hearing to explore the content of trial counsel's conversations with petitioner about the advisability of accepting or rejecting the prosecution's plea offer, including the comparative risks of rejecting that offer and proceeding to trial. The undersigned remains skeptical that this exploration will expand the scope of the limited issue on remand, as specified by the Ninth Circuit Court of Appeals. However, petitioner may file a renewed motion for discovery should the testimony at the evidentiary hearing warrant further discovery.

Upon review of petitioner's motion for discovery and the documents in support and opposition, upon hearing the arguments of counsel, and good cause appearing therefor,

IT IS ORDERED that:

1. Petitioner's motion for discovery (ECF No. 57) is granted with respect to the production of trial counsel's entire trial file.

2. Petitioner's motion for discovery is also granted with respect to the production of any notes, whether contained in trial counsel's file or elsewhere, relating to trial counsel's advice to petitioner regarding whether to accept the prosecution's plea offer, including the sentence petitioner could receive if she was convicted after a trial.

3. In all other respects, petitioner's motion for discovery is denied.

4. If the parties wish to reschedule the May 2, 2016 evidentiary hearing, or to modify the order setting that hearing, they shall file a stipulation with the court.

////
////
////
////
////
////

     5. Seven days before the evidentiary hearing, the parties shall file a list of witnesses who will testify and all exhibits that will be offered into evidence. The court will look with disfavor at any attempts by either party to introduce evidence that has not previously been produced to the other side prior to the hearing.

Dated: February 9, 2016

Holmes2710.oah

KENDALL J. NEWMAN  
UNITED STATES MAGISTRATE JUDGE