UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA HOLMES,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>DEBORAH K. JOHNSON, Warden,<br><br>　　　　　Respondent. | No. 2:11-cv-2710 JKS KJN P (TEMP) |

　　　　Petitioner is a state prisoner, proceeding through counsel, with a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  An evidentiary hearing is set in this matter for May 2-3, 2016, on petitioner's claim that her trial counsel rendered ineffective assistance during the plea bargain process.

　　　　By order dated February 9, 2016, the undersigned granted petitioner's motion for discovery of the trial file of petitioner's trial counsel and any notes relating to trial counsel's advice to petitioner regarding whether to accept the prosecution's plea offer.  The parties were advised that if a dispute arose over whether the entire file had been turned over to petitioner they could, after meeting and conferring, file a motion in this court to resolve the dispute.  The parties were also advised that they must be prepared to specify in any such motion the documents that had not been turned over in discovery and the reasons those documents had not been produced.

/////

1

On February 26, 2016, petitioner filed and set on the court's calendar a motion to schedule a status conference for a date "sometime prior to the evidentiary hearing presently scheduled." (ECF No. 64, at 1.) Petitioner explains that the "ostensible purpose" of this status conference is to determine whether she has been provided with her trial counsel's entire file. (Id. at 2.) On February 29, 2016, respondent filed and set on the court's calendar a motion for discovery. (ECF No. 66.) Therein, respondent requests an order requiring petitioner to disclose no later than 21 days prior to the start of the evidentiary hearing all documents contained in trial counsel's file that are relevant to petitioner's claim of ineffective assistance of counsel. Respondent explains that the parties have "exchanged multiple emails" on this subject and are "coming closer to an agreement regarding discovery of the relevant contents of trial counsel's file." (Id. at 1, 5.) Respondent also states that petitioner refuses to turn over this discovery until seven days before the evidentiary hearing. (Id. at 5.)

Good cause appearing, the parties will be ordered to file a joint stipulation, not to exceed 7 pages, setting forth the current status of discovery regarding the production of trial counsel's file, including a brief description of the documents that have not been turned over in discovery, if any, and the reasons those documents have not been produced. The parties shall also set forth their position on the timing of disclosure of all relevant discovery. The hearing dates scheduled by the parties on their respective motions will be taken off calendar. If the court determines that a hearing is necessary after reviewing the joint statement, it will set a status conference sua sponte. The court will sign any protective order agreed upon by the parties with respect to disclosure of documents subject to the attorney-client privilege.

Accordingly, IT IS ORDERED that:

1. Within two weeks from the date of this order, the parties shall file a joint stipulation, not to exceed 7 pages, setting forth the current status of discovery regarding the production of documents from the file of petitioner's trial counsel. The stipulation shall include a brief description of the documents that have not been turned over in discovery, the reasons those documents have not been produced, and the parties' position on the timing of disclosure of all relevant discovery.

2. The March 24, 2016 hearing date on Petitioner's "Motion to Schedule Status Conference" (ECF No. 64) is vacated; and

3. The March 31, 2016 hearing date on respondent's motion for discovery (ECF No. 66) is vacated.

Dated: March 4, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Holmes2710.o